Bergan, J. (dissenting).
A Judge before whom a plea of guilty has been taken should not routinely proceed to impose sentence on a man who under oath asserts that he is innocent of the charge and his previous plea was entered under misapprehension.
He should at least pause long enough to find out what the facts are. This is the clear holding of People v. McKennion (27 N Y 2d 671) which is not distinguishable because McKennion was more knowledgeable or less knowledgeable about criminal procedure than this defendant. The common issue in the two cases is the truth or falsity of assertions of innocence before judgment.
The memorandum of the court states that the present appellant did not contend ‘ ‘ that his plea was the result of mistake or misunderstanding”. His affidavit, however, states that he pleaded guilty “ solely because counsel to the Legal Aid Society told me to do so because I had no chance of proving my innocence ’ ’ but that his present court-appointed counsel told him “ have a good and adequate defense ”.
There is something abhorrent about sentencing a man while he is asserting his innocence and misapprehension as to an earlier plea.
*58 If he is lying, the Judge can ascertain this; determine it quickly enough, and deny the application.
The criminal law does not sit helplessly when confronted with the mendacity or strategy of defendants; but an assertion of innocence before judgment ought not just be ignored. The decision in People ex rel. Brown v. La Vallee (29 NY 2d 581, decided herewith) is distinguishable because in that case there was a full factual inquiry into the plea and the effort to withdraw it.
The judgment should be reversed and a proper inquiry directed.
Judges Burke, Scileppi, Breitel and Jasen concur in memorandum ; Judge Bergan dissents and votes to reverse in a separate opinion in which Chief Judge Fuld and Judge Gibson concur.
Judgment affirmed in a memorandum.